```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

| | |
|---|---|
| TERESA A. HARRIS, : | |
| : | No. 1:09-cv-466 |
| Plaintiff, : | |
| : | |
| VS. : | **OPINION AND ORDER** |
| : | |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social : | |
| Security, : | |
| : | |
| Defendant. : | |
| : | |

This matter is before the Court on the Magistrate Judge's June 8, 2010 Report and Recommendation (doc. 20), Defendant's Objections (doc. 21), and Plaintiff's Response (doc. 22). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Magistrate Judge's Report and Recommendation and REMANDS this case for further consideration.

**I. Background**

Plaintiff applied for disability insurance benefits in September of 2005, and her application was denied both initially and on reconsideration (doc. 20). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and in September 2008, the ALJ granted Plaintiff's request (Id.). Plaintiff had counsel at the hearing and testified on her own behalf (Id.). The Medical Expert ("ME"), Dr. Hershel Goren, and the Vocational Expert ("VE"), Eric Pruit, also both testified (Id.). In October 2008 the ALJ denied Plaintiff's application for disability insurance (Id.). Plaintiff appealed to the Appeals Council, which denied review in

May 2009, after which Plaintiff sought review from this Court (Id.).

The Magistrate Judge reviewed the record and in his Report and Recommendation concluded that the case should be remanded for further proceedings because the ALJ's decision was not supported by substantial evidence but disability was not clearly established (Id.). Defendant timely objected to the Magistrate Judge's Report and Recommendation (doc. 21), Plaintiff replied (doc. 22), and the matter is now ripe for the Court's consideration.

**II. The Magistrate Judge's Report and Recommendation**

A summary of the facts, law and analysis found in the Magistrate Judge's Report and Recommendation follows.

Plaintiff filed her claim for disability benefits claiming she suffered from polyneuropathy, diabetes, generalized pain, muscle spasm, muscle weakness, and fatigue (doc. 20). At Plaintiff's ALJ hearing, the ME testified that "his review of the record showed that Plaintiff had no severe impairments [and] no restrictions" (Id.). In addition, the ME testified that Plaintiff did not meet the criteria for either muscular dystrophy (listing 11.13 of 20 C.F.R. Pt. 404, Subpt. P, Appx. 1) or polymyositis and dermatomyositis (listing 14.05) (Id.). In support of his assertions, the ME cited a normal electromyogram and physical examination and a passage from Dr. Chamblee, a physician at the

Cleveland Clinic, describing minimal muscle weakness (Id.). However, at the time of his testimony, the ME had not reviewed the records from May 18 and June 5, 2007 of Dr. Cohen, another physician from the Cleveland Clinic, or the results of a May 5, 2006 muscle biopsy (Id.). The ALJ denied disability status, concluding that Plaintiff's medically determinable impairments are Type II Diabetes Mellitus and the residuals of low back surgery, neither of which condition is severe (Id.).

The Magistrate Judge began his analysis with a review of Plaintiff's medical record and followed with a discussion of applicable law (Id.). The Magistrate Judge noted that the Court's sole function is to determine whether the record as a whole contains substantial evidence to support the ALJ's determination (Id., citing 42 U.S.C. § 405(g); Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978)). The ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (Id., quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)(citing Consolidated Edison Co. V. N.L.R.B., 305 U.S. 197 229 (1938))). To qualify for disability insurance benefits, Plaintiff must be under age sixty-five, file an application for benefits, and be disabled as defined by the Social Security Act (Id., citing 42 U.S.C. §§ 416(i), 423). To establish a disability, Plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to

result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months, and the impairments must render Plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy (Id., citing 42 U.S.C. §§ 423(d)(1)(A), 423 (d)(2)).

The Magistrate Judge also noted the sequential evaluation process that the Commissioner uses to make disability determinations (Id., citing 20 C.F.R. § 404.1520).  First, the Commissioner determines if the individual is engaged in substantial gainful activity; if so then the individual is determined to be non-disabled, and the inquiry ends (Id.).  Second, if the individual is not engaged in gainful activity, then the Commissioner must determine whether the individual has a severe impairment or combination of impairments; if not, then the individual is determined to be non-disabled, and the inquiry ends (Id.).  Third, if the individual is severely impaired, then the Commissioner must compare the impairment(s) to the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.).  If the impairment meets or equals any within the Listing, disability is presumed and benefits are awarded (Id., citing 20 C.F.R. § 404.1520(d)).  Fourth, if the individual's impairment does not meet or equal those in the Listing, the Commissioner must determine whether the impairments prevent the performance of the

-4-

individual's regular or previous employment; if the individual is unable to perform the relevant past work then a prima facie case of disability is established, and the burden of going forward with the evidence shifts to the Commissioner to show that there is work in the national economy that the individual can perform (Id., citing Lashley v. Secretary of H.H.S., 708 F.2d 1048 (6th Cir. 1983); Kirk v. Secretary of H.H.S., 667 F.2d 524 (6th Cir. 1981) cert. denied, 461 U.S. 957 (1983)).

The Magistrate Judge added that for an impairment to be considered "severe" it must significantly limit a person's physical or mental ability to perform basic work activities, which relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting (Id. citing 20 C.F.R. §§ 404.1520(c), 404.1521(b)). Plaintiff is not required to establish total disability at this level, but the severe impairment requirement is a threshold element which a plaintiff must prove in order to establish disability (Id., citing Gist v. Secretary of H.H.S., 763 F.2d 352, 357 (6th Cir. 1984)). The severity requirement may be employed to screen out claims that are totally groundless solely from a medical standpoint (Id., citing Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(per curiam)). An impairment is considered non-severe only if it is a "slight

abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience" (Id. quoting Farris v. Secretary of H.H.S., 773 F.2d 85, 90 (6th Cir. 1984)).

After reviewing the record as a whole, the Magistrate Judge found that the ALJ's determination was not supported by substantial evidence because the ALJ failed to directly address whether Plaintiff suffered from a medically determinable impairment of myopathy and/or mitochondrial disease/disorder, and whether such impairment is severe (Id.). The Magistrate Judge noted that the ALJ's determination was based on the opinion of the ME, who testified at the Plaintiff's hearing, and a "somewhat unrealistic interpretation of what Plaintiff actually said in her testimony and in the history given to several physicians" (Id.).

According to the Magistrate Judge, the opinion of the ME cannot support the ALJ's determination because the ME had not reviewed all of the record, including a May 2006 biopsy report and Dr. Cohen's May 18 and June 5, 2007 reports (Id.). These documents support Dr. Cohen's diagnosis of "myopathy due to mitochondrial disease," and Dr. Parikh's diagnosis of myopathy, myalgia and myositis (Id.). The fact that the ME did not review evidence of Plaintiff's illness, testing, and her treating physicians' opinions and diagnoses directly led to the ME's opinion that she was not

severely disabled (Id.).

The Magistrate Judge also asserts that the ALJ mis-characterized Plaintiff's testimony and other statements to doctors and that in reality her testimony supports a finding of disability (Id.). Plaintiff testified that she suffered from severe impairments due to a Complex III deficiency of the mitochondrial system (Id.). Her symptoms include severe muscle pain, extreme muscle weakness, fatigue, muscle spasms, and numbness that affects her endurance and ability to function normally (Id.). Plaintiff is unable to stand for long, she is only able to vacuum one room at a time, do one load of laundry at a time, cannot lift laundry baskets, and can only begin to prepare dinner before needing to rest (Id.). These statements show she is severely impaired because her condition affects her ability to perform basic work activities like walking, standing and lifting (Id.). Because of these errors, the Magistrate Judge determined that the ALJ's rejection of Plaintiff's claim is not supported by substantial evidence (Id.).

**III. Defendant's Objections**

Defendant argues that the Magistrate Judge's reliance on the reports from Drs. Cohen and Parikh is misplaced, and therefore his determination about the ALJ's decision is incorrect (doc. 21). Defendant contends that Drs. Cohen and Parikh's findings and diagnoses are equivocal, and do not definitively establish that Plaintiff had either myopathy and/or mitochondrial disease/disorder

(Id.).  As such, Defendant asserts the ALJ reasonably gave the opinions less weight than the extensive evidence indicating that Plaintiff was not disabled (Id).

Defendant argues that Dr. Cohen's reports are equivocal because, although he stated that she had a Complex III deficiency and that she was "quite impaired even though she look[ed] well," his conclusions were not supported by the May 2006 biopsy which was normal, and he stated that he was "not comfortable certifying physical disability" (Id.).  Similarly, Defendant asserts that Dr. Parikh's diagnosis is at best equivocal because he never performed an examination on Plaintiff and stated that reduced enzyme activity only raised "the concern of a possible primary or secondary mitochondrial myopathy" but the rest of her biochemical and pathologic evaluations were normal (Id.).  Because neither statement about Plaintiff's condition is definitive, Defendant argues that the Magistrate Judge gave them undue weight when determining that the ALJ's decision was not supported by substantial evidence.

Defendant also contends that the Magistrate Judge gave undue weight to the May 2006 biopsy report and the fact that the ME did not have a copy of the report (Id.).  Defendant notes that mitochondria extracted from the biopsy was normal, and although the ME did not have the report available to him, he was familiar with it, and the Plaintiff's attorney read portions to him during the

hearing (Id.).  Lastly, Defendant addresses the Magistrate Judge's discussion of Plaintiff's testimony, arguing that, contrary to the Magistrate Judge's characterization, Plaintiff's testimony was not a central basis for the ALJ's determination that Plaintiff was not disabled (Id.).

**IV. Plaintiff's Response**

Plaintiff agrees with the Magistrate Judge's determination and asserts that because the record from the treating doctors showed Plaintiff had an impairment, and no other physician of record had all of the available record for review, the ALJ's decision rejecting Plaintiff's claim is not supported by substantial evidence (doc. 22).  Plaintiff first addresses the Defendant's characterization of the May 2006 biopsy as normal (Id.). While the mitochondria that survived removal and processing were normal, Dr. Cohen found that the "whole muscle showed a significant defect in complex III activity" and the mitochondrial yield was low, indicating that only the healthy component survived removal and the "predominant fraction (75%) [had] a real defect in complex III" (Id.).  These results are what led Dr. Cohen to diagnose Plaintiff with myopathy due to mitochondrial disease (Id.).  Plaintiff contends that the ME called this biopsy report equivocal based solely on what was read to him during the hearing, not after reviewing the record from himself (Id.).  He also considered Dr. Cohen's findings equivocal because they were not

supported by numerical muscle weakness values (Id.).  However Dr. Cohen had determined a numerical muscle weakness that also supported his findings, which the ME did not review (Id.).  As such, Plaintiff asserts that Dr. Cohen's reports and diagnosis are not equivocal in any sense, and the ME considered them equivocal because he had not reviewed the documents that support Dr. Cohen's diagnosis (Id.).  Plaintiff also adds that while Dr. Parikh's determination was not definitive, he recommended more testing to determine the specific type of mitochondrial mutation from which Plaintiff suffers (Id.).  Plaintiff acknowledges that this finding is not definitive, but argues that it supports Dr. Cohen's diagnosis and therefore is not equivocal (Id.).

      Moreover, Plaintiff asserts that given these facts, the ME could not have made his determination that Plaintiff was not impaired given a "global view" of Plaintiff's medical history, as the Defendant contends, because he lacked the important evidence of Plaintiff's impairment (Id.).  Even more, Plaintiff believes this argument "violates the spirit of Social Security's own rule," citing Social Security Ruling 96-6p to show that the ALJ should consider the evidence available to the ME before fully supporting his or her finding (Id.).  Lastly, Plaintiff notes that Defendant did not understand the nature of the Magistrate Judge's objection to the ALJ's discussion of the Plaintiff's daily activities (Id.).  Plaintiff asserts the Magistrate Judge did not base his decision on

the ALJ's discussion, but was merely noting the mis-characterization (Id.).

**V. Discussion and Conclusion**

The Court finds the Magistrate Judge's Report complete, thorough and persuasive.  Having thoroughly reviewed the record, the Court finds well-taken the Magistrate Judge's conclusion that the ALJ's finding of non-disability is not supported by substantial evidence.

Substantial evidence would support the ALJ's decision only if the evidence is such that "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).  The ALJ's determination that Plaintiff is not disabled was based primarily on the opinion of the ME.  However, the ME had not reviewed documents that substantially supported a finding that Plaintiff was indeed disabled.  This fact, coupled with Plaintiff's testimony about her impairment which is supported by Plaintiff's description of her symptoms to her many doctors in the record, indicate that the ALJ's determination is not supported by substantial evidence.  Defendant contends Dr. Cohen's findings are only equivocal, while Plaintiff believes they are definitive.  This Court agrees with the Magistrate Judge that a ME should make the determination as to the weight of Dr. Cohen's records only after thoroughly reviewing them.  Therefore, because the ME did not have all of the records available for review, this

Court agrees with the Magistrate Judge that this case should be remanded to the ALJ so that the ME may review all of the documents available regarding Plaintiff's disability, which will allow the ALJ to reconsider his finding in light of a more complete assessment by the ME coupled with a more accurate characterization of Plaintiff's testimony.

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in his Report and Recommendation, are correct.  Therefore, the Court hereby AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Report and Recommendation, and REMANDS this case for further proceedings consistent with this opinion.


Dated: July 20, 2010          /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge